UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SANDRA RAMIREZ, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>STAFFMARK GROUP LLC, a Delaware company,<br><br>    Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

  Plaintiff Sandra Ramirez ("Plaintiff Ramirez" or "Ramirez") brings this Class Action Complaint and Demand for Jury Trial against Defendant Staffmark Group LLC ("Defendant Staffmark" or "Staffmark") to stop the Defendant from violating the Telephone Consumer Protection Act by calling consumers using a pre-recorded voice message without consent including consumers who expressly requested that Defendant stop calling yet continued to receive calls from Defendant. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Ramirez, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

  1.  Plaintiff Sandra Ramirez is a resident of Hemet, California.

  2.  Defendant Staffmark is a Delaware registered company headquartered in Cincinnati, Ohio. Defendant Staffmark conducts business throughout the U.S.

## JURISDICTION AND VENUE

  3.  This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District by Defendant.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4 billion robocalls were placed in January 2021 alone, at a rate of 129.6 million per day. www.robocallindex.com.

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Staffmark is a staffing company that connects employers with employees throughout the U.S.

15. In order to notify about available jobs, Staffmark places pre-recorded calls to consumer telephone numbers.

16. However, Staffmark places pre-recorded voice message calls to consumers who are not looking to get a job and who never provided their phone number to Staffmark.

17. To make matters worse, consumers are unable to get these unwanted pre-recorded calls stopped, as per Plaintiff's experience.

18. Plaintiff called Staffmark and spoke with a live agent, asking to have her phone number removed from Staffmark's call system.

19. In addition, Plaintiff received job notification calls from live Staffmark employees and repeatedly instructed them not to call her number.

20. Despite this request, Plaintiff continued to receive unwanted pre-recorded calls to her cell phone from Staffmark.

21. There are numerous complaints posted online about consumers receiving multiple unwanted pre-recorded calls from Staffmark including:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

- "Staffmark repeatedly leaving a pre-recorded voicemail message telling me my area has jobs available."[3]
- "Staffmark left a message telling me my area has jobs available."[4]
- "Recording about job openings"[5]
- "Received a phone call from Staffmark supposedly a recruiter who also ask for social security number. Appears to be potential scam"[6]
- "Did get a message, but I'm not interested in receiving calls from these people"[7]

22. A consumer posted the following pre-recorded voice message that they received from Staffmark on YouMail.com:

[8]

23. In response to these calls, Plaintiff Ramirez files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF RAMIREZ'S ALLEGATIONS**

---

[3] https://www.shouldianswer.com/phone-number/8443581565
[4] *Id.*
[5] https://800notes.com/Phone.aspx/1-844-358-1565
[6] https://whocallsme.com/Phone-Number.aspx/7323614767
[7] https://whocallsme.com/Phone-Number.aspx/2533638291
[8] https://directory.youmail.com/directory/phone/8443581565

24. Plaintiff Ramirez began receiving unwanted pre-recorded calls from Staffmark to her cell phone number in early September, 2020, from phone number 310-316-8555.

25. The calls were regarding jobs that were available through Staffmark, such as for a forklift operator.

26. After receiving a few pre-recorded calls to her cell phone number, Plaintiff Ramirez blocked 310-316-8555.

27. Despite blocking the calls, Plaintiff received pre-recorded voicemails from Defendant Staffmark that she had to delete due to the space they were taking up on her phone.

28. 310-316-8555 is identified on the Staffmark.com website as Staffmark's South Bay – Torrance office:

```
South Bay - Torrance                    19300 South Hamilton Ave, Suite
310-316-8555 ext. 2128 phone                                        195
866-667-2880 fax                                      Gardena, CA 90248
Distance 3.51 miles              View Map • Search Jobs and Apply
                                                            Online
```
[9]

29. Frustrated by the calls and voicemails, Plaintiff called 310-316-8555 and spoke with a live agent in September of 2020.

30. Plaintiff explained that she was receiving unwanted pre-recorded calls and asked to have her phone number removed from Defendant's call system.

31. Despite being assured that the calls would stop, Plaintiff continued to receive additional calls from Defendant Staffmark that were a mix of live and pre-recorded calls.

32. When a live Staffmark employee called, Plaintiff would instruct the employee to stop calling her phone number.

33. Despite numerous stop requests, Plaintiff Ramirez continued to receive live and pre-recorded voice message calls from Defendant Staffmark.

---

[9] https://www.staffmark.com/locations/Default.aspx

34. This is a list of some of the live and pre-recorded calls Plaintiff Ramirez received from Staffmark, from phone number 310-316-8555, the majority of which were placed after she called and asked for the calls to stop:

- September 11, 2020 at 11:58 AM
- September 16, 2020 at 12:37 PM
- September 24, 2020 at 3:56 PM
- October 15, 2020 at 1:13 PM
- October 15, 2020 at 4:24 PM
- October 26, 2020 at 3:37 PM
- October 27, 2020 at 4:57 PM
- October 30, 2020 at 4:51 PM
- November 3, 2020 at 11:51 AM
- November 18, 2020 at 10:13 AM
- November 23, 2020 at 3:25 PM
- November 25, 2020 at 10:34 AM
- January 1, 2021 at 3:57 PM
- January 3, 2021 at 5:05 PM
- January 4, 2021 at 9:41 AM

35. Plaintiff Ramirez also received at least 5 additional unwanted calls in December, 2020.

36. Plaintiff noted that when receiving pre-recorded calls from Defendant, no option was provided to opt-out.

37. The unauthorized pre-recorded and live telephone calls that Plaintiff received from Staffmark, as alleged herein, have harmed Plaintiff Ramirez in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

38. The unwanted calls wasted Plaintiff's time as Plaintiff had to call and ask for the calls to be stopped and the Plaintiff had to answer unwanted calls in order to tell Staffmark employees to stop calling her cell phone number.

39. Plaintiff also had to spend time listening to and deleting pre-recorded voicemail messages that Defendant left in the voicemail of Plaintiff's cell phone.

40. Seeking redress for these injuries, Plaintiff Ramirez, on behalf of herself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded voice message calls to cellular phone numbers.

## CLASS ALLEGATIONS

41. Plaintiff Ramirez brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called on their cellular telephone number, (2) using a pre-recorded voice message, (3) for substantially the same reason Defendant called Plaintiff, and (4) for whom the Defendant claims it obtained the person's number the same way it obtained Plaintiff's number.

42. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Ramirez anticipates the need to amend the Class definition following appropriate discovery.

43. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Staffmark placed pre-recorded calls to consumer without consent;

(b) whether Defendant Staffmark continued to place pre-recorded calls after being instructed to stop calling;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

45. **Adequate Representation**: Plaintiff Ramirez will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Ramirez has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Ramirez and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Ramirez nor her counsel have any interest adverse to the Class.

46. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Ramirez. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation

necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Pre-recorded No Consent Class)**

47.Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

48.Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

49.These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

50.Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ramirez individually and on behalf of the Class, prays for the following relief:

51.An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Ramirez as the representative of the Class; and appointing her attorneys as Class Counsel;

52.An award of actual and/or statutory damages and costs;

53.An order declaring that Defendant's actions, as set out above, violate the TCPA;

54.An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

55. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ramirez requests a jury trial.

DATED this 11th day of February, 2021.

By: /s/ *Brian Giles*

Brian Giles
brian@gilesfirm.com
LAW OFFICES OF BRIAN T. GILES, LLC
1470 Apple Hill Rd.,
Cincinnati, OH 45230
Telephone: (513) 379-2715

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*\*Pro Hac Vice motion forthcoming*
